# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Jerry Leavale Hicks,

        Defendant.

Crim. No. 19-112 (MJD/BRT)

**ORDER**

Benjamin Bejar, Esq., Assistant United States Attorney, counsel for Plaintiff.

Douglas Olson, Esq., Office of the Federal Defender, counsel for Defendant.

This action came on for hearing before the Court on July 1, 2019, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN, 55101. The parties have filed various pretrial motions. Based on the file and documents contained therein, along with the memoranda and arguments of counsel, the Court makes the following Order:

    **1.**    **Government's Motion for Discovery.** The Government moves for discovery pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2. Defendant does not oppose this motion. Therefore, the Government's Motion for Discovery **(Doc. No. 23)** is **GRANTED**.

    **2.**    **Defendant's Pretrial Motion for Disclosure of 404(b) Evidence.** Defendant moves the Court for an Order directing the Government to disclose any "bad act" or "similar course of conduct" evidence it intends to offer at trial pursuant to Rule

404 of the Federal Rules of Evidence. The Government responds that it is aware of its obligations under Rule 404(b) and will comply with those obligations if it intends to introduce any such evidence at trial. The Government represents that it will provide notice and disclose any extrinsic 404(b) evidence that it intends to use at trial no later than fourteen days before trial. The Government also requests that the Order be narrowly drawn to make clear that Rule 404(b) does not encompass acts which are "intrinsic" to the charged offense. "'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990); *see also United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) ("[W]here the other crime is so 'inextricably intertwined' with the charged crime . . . Rule 404(b) is not implicated, . . ."). Subject to these conditions, Defendant's Pretrial Motion for Disclosure of 404(b) Evidence (**Doc. No. 25**) is **GRANTED**. The Government shall provide notice and disclose any extrinsic 404(b) evidence that it intends to use at trial no later than fourteen days before trial.

3. **Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.** Defendant moves the Court for an Order compelling disclosure of any evidence in the possession of the prosecution or any of its agents, or other evidence the existence of which is known, or by the exercise of due diligence may become known to the prosecution, which may be favorable to the Defendant or could reasonably weaken or affect any evidence that may be introduced

2

against the Defendant or is otherwise relevant to the subject matter of this case and may in any manner aid Defendant in the investigation or preparation of the case for trial or sentencing. The Government responds that it is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, and that such evidence will be or already has been disclosed. Therefore, Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant **(Doc. No. 26)** is **GRANTED**.

4. **Defendant's Motion for Discovery and Inspection.** Defendant moves for discovery and inspection; the Government responds that it has provided extensive discovery in the case to date and understands its continuing obligations with respect to discovery under the applicable rules, including Fed. R. Crim. P. 16(a)(1)(A)–(F). On that understanding, Defendant's Motion for Discovery and Inspection **(Doc. No. 27)** is **GRANTED**.

5. **Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance.** Defendant seeks disclosure of electronic surveillance, including either wiretapping and interceptions of telephone conversations, or any form of surveillance by radio transmissions or receptions, or any other form of electronic surveillance or detection used by the Government in any phase of its investigation of the Defendant. In response to this motion, the Government reiterates its response to the previous motion— that it has provided extensive discovery in the case to date and understands its continuing obligations with respect to discovery under the applicable rules**.** To the extent that such materials exist, the Government states that it has

disclosed all such materials in compliance with Rule 16, including surveillance videos, records jail calls, and cell phone tracking warrants, and it will make available the tracking coordinates associated with the cell phone tracking warrant for inspection. Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance **(Doc. No. 28)** is therefore **GRANTED**.

6. **Defendant's Motion to Disclose and Make Informant Available for Interview.** Defendant moves for an Order requiring the Government to disclose the identity of any informant or informants used by the Government in the investigation of this matter, and to make such informant or informants available by Defendant's attorneys and to disclose the prior criminal convictions of such informant(s). In response, the Government states that it is not aware of any confidential informants involved in the investigation of this case. Based on that representation, Defendant's Motion to Disclose and Make Informant Available for Interview **(Doc. No. 29)** is **DENIED** as moot.

7. **Defendant's Motion for Early Disclosure of Jencks Act Material.** Defendant moves for an Order requiring the Government to submit Jencks Act materials to Defendant at least two weeks prior to trial. The Government objects to any court-ordered disclosure of witness statements prior to the witness's testimony. *See* 18 U.S.C. § 3500. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Material **(Doc. No.**

**30)** is **DENIED**. Nothing in this Order precludes the Government from providing Jencks material before trial, as it has represented it will do.

        8.      **Defendant's Motion for Government Agents to Retain Rough Notes.**

Defendant moves for an Order requiring any law enforcement agent, including any confidential reliable informants, to retain and preserve all rough notes taken as a part of their investigation, whether or not the contents of such rough notes are incorporated in official records. The Government does not object to requiring law enforcement officials involved in the investigation of this case to retain and preserve their rough notes, if any, created as part of the investigation, to the extent they have not already been destroyed and incorporated into reports prior to Defendant's motion. The Government has notified its investigating agents to retain and preserve any existing rough notes. The Government objects, however, to the extent that Defendant's motion seeks an Order requiring disclosure of rough notes. Based on the understanding that Defendant's motion does not seek such disclosure, Defendant's Motion for Government Agents to Retain Rough Notes **(Doc. No. 31)** is **GRANTED**.

        9.      **Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G).**

Defendant moves the Court for an Order requiring the Government to disclose a written summary of all expert testimony it intends to use at trial. The Government responds that it is aware of its obligations relating to disclosures of potential expert witness opinions; that it has not decided which expert witnesses it will call at trial; and that it has already produced, and will continue to produce, forensic and scientific lab analyses. Therefore, Defendant's Motion for Discovery of Expert under Rule 16(a)(1)(G) **(Doc. No. 32)** is

**GRANTED**. Expert disclosures shall be made reciprocally no later than **fourteen days** before trial.

10. **Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure.** Defendant moves to suppress any physical evidence obtained as a result of a search and seizure. The parties requested post-hearing briefing on this motion. Defendant's post-hearing brief in support of his Motion to Suppress Search and Seizure is due no later than **July 29, 2019**, and the Government's response is due no later than **August 21, 2019**. The Court will take Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure **(Doc. No. 33)** under advisement on **August 21, 2019** and issue a **Report and Recommendation** to the District Court.

11. **Defendant's Motion to Suppress Statements, Admissions, and Answers.** Defendant moves for an Order suppressing all statements, admissions and answers made by Defendant prior to, at the time or, or subsequent to his arrest. The parties requested post-hearing briefing on this motion. Defendant's post-hearing brief in support of his Motion to Suppress Search and Seizure is due no later than **July 29, 2019**, and the Government's response is due no later than **August 21, 2019**. The Court will take Defendant's Motion to Suppress Statements, Admissions, and Answers **(Doc. No. 34)** under advisement on **August 21, 2019** and issue a **Report and Recommendation** to the District Court.

12. **Pretrial Deadlines and Trial.** The deadline to submit proposed voir dire and jury instructions, as well as the dates for the final pretrial/status conference and jury

trial before United States District Judge Michael J. Davis, will be set following a ruling on dispositive motions.

Date: July 1, 2019.

                                        *s/ Becky R. Thorson*
                                        BECKY R. THORSON
                                        United States Magistrate Judge