UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Jerry Leavale Hicks,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 19-112 (01) (MJD)

_____

Benjamin Bejar, Assistant United States Attorney, Counsel for Plaintiff.

Defendant, *Pro Se*.

_____

This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. No. 105]

**I.    Background**

Defendant pleaded guilty to Counts 1, 2, 4 and 6 of the Indictment which charged Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951. On June 11, 2020, Defendant was sentenced to term of imprisonment of 70 months on each count, to be served concurrently, followed by three years supervised release. He is currently serving his sentence at Rochester FMC, and his release date is August 23, 2024.

## II.     Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. Section 1B1.13.[1]  Pursuant to this policy statement, when

---

[1] At this time, U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act.  Regardless, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A).  See e.g., United States v. Warren, 456 F. Supp.3d 1083, 1085-1086 (D. Minn. 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

deciding a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement. U.S.S.G. § 1B1.13. This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

Defendant submitted a request for compassionate release based on his concerns about the COVID-19 pandemic. On October 28, 2020, his request was denied. (Doc. No. 111 at 3.) The government agrees that Defendant has adequately exhausted his administrative remedies.

Defendant's motion is based on his concerns that if he is exposed to COVID-19, his chronic health conditions, including Type II diabetes, Stage II Renal failure, asthma, sleep apnea and obesity, increase his risk of serious health complications if he becomes infected with COVID-19.

Defendant further asserts that he has a release plan in place and has different employment opportunities. He further asserts he will be involved in outpatient treatment addressing substance abuse.

The Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to medical conditions that warrants relief. First, Defendant's medical records reflect that he does not suffer from Type II diabetes or Stage II renal failure. Instead, the medical records indicate he is prediabetic and has had multiple UTIs which have been treated with medication. (Doc. No. 112-1 at 3-4, 7.) His medical records indicate that Defendant has been identified as having asthma, sleep apnea and is obese, and that he is receiving appropriate medical attention to those conditions. In addition, Defendant tested positive for COVID-19 on December 26, 2020, and has fully recovered as of January 7, 2021. (Id. at 9.)

Further, the BOP has in place protocols such as social distancing, hygienic and cleaning protocols and quarantining and treatment of inmates with symptoms of COVID-19 and those who come into contact with them.  See www.bop.gov/coronavirus/index.jsp.  At this time, the facility at which Defendant is housed, Rochester FMC, reports 26 current cases involving an inmate, no deaths, and that 356 inmates and 57 staff have recovered.  Id.

A sentence reduction in this case would also be contrary to the factors set forth in 18 U.S.C. § 3553(a).  Defendant committed a series of armed robberies, which likely caused lasting psychological harm to the victims.  A sentence reduction would not reflect the seriousness of the offenses of conviction, promote respect for the law or provide a just punishment.  In addition, Defendant was sentenced only 7 months ago, therefore a sentence reduction would create unwarranted sentencing disparities among defendants and would not afford adequate deterrence for the offenses committed.

IT IS HEREBY ORDERED that Defendant's Motion For Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 105] is **DENIED**.

Date:  February 1, 2021

                                                  s/ Michael J. Davis
                                                  Michael J. Davis
                                                  United States District Court