UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.                                                                      **MEMORANDUM OPINION
AND ORDER**
Crim. No. 19-112 (01) (MJD)

Jerry Leavale Hicks,

       Defendant.

_____

       Katharine T. Buzicky, Assistant United States Attorney, Counsel for

Plaintiff.

       Defendant, *Pro Se*.

_____

       This matter is before the Court on Defendant's renewed motion for

compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and motion to

appoint counsel. (Doc. Nos. 132 and 133.)

**I.**     **Background**

       Defendant pleaded guilty to Counts 1, 2, 4 and 6 of the Indictment which

charged Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951.

His offense conduct included brandishing what appeared to be a firearm, and in

some of the robberies, threatening to shoot and kill employees at CVS

pharmacies if they did not hand over oxycodone pills.  On June 11, 2020,

Defendant was sentenced to term of imprisonment of 70 months on each count,

to be served concurrently, followed by three years supervised release.  He is

currently serving his sentence at Fort Dix, FCI and his release date is September

19, 2024.

By Order dated February 1, 2021, this Court denied Defendant's motion for

compassionate release because Defendant had failed to demonstrate that his

medical condition, which he claimed included Type II diabetes, renal failure,

asthma, sleep apnea and obesity, constituted extraordinary and compelling

circumstances warranting relief and because the factors set forth in 18 U.S.C. §

3553(a) did not support a sentence reduction.  In particular, the Court found that

his medical records did not support his claim that he suffered from diabetes or

renal failure and that he had fully recovered from COVID-19 as of January 2021.

Defendant moved for reconsideration of the Court's order denying his

motion for compassionate release, which was denied by Order dated August 24,

2021.  (Doc. No. 131.)  In that Order, the Court noted that Defendant had been

fully vaccinated against COVID-19.  (Id.)

Now before the Court is Defendant's renewed motion for compassionate release.

## II.    Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the court may, upon motion of the Director of the Bureau of Prisons, or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that -- (i) extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set for in U.S.S.G. § 1B1.13,[1] which provides when decided a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement. U.S.S.G. 1B1.13.  This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

   (ii) The defendant is –

      (I) suffering from a serious physical or medical condition

      (II) suffering from a serious functional or cognitive impairment, or

      (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

[1] U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A). However, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A). *See e.g., United States v. Warren*, 456 F. Supp.3d 1083, 1085–86 (D. Minn. 2020) (finding that part of § 1B1.13 that states "[u]pon motion of the Director of the Bureau of Prisons" was superseded by the First Step Act, and applies factors set forth in § 1B1.13 to motions brought by a defendant under § 3582(c)(1)(A)).

U.S.S.G. § 1B1.13, cmt. 1(A).

## III.    Discussion

Defendant again claims that he suffers from medical conditions that place him at increased risk of serious injury from COVID-19.  Specially, he asserts he suffers from asthma, narcolepsy, hypertension, sleep apnea, kidney disease, obesity, pre-diabetes and extended cortisteriod use.  He further asserts that his place of confinement, Fort Dix, is experiencing an outbreak of COVID-19.

Based on a review of Defendant's medical records, the Court again finds that Defendant has failed to show "extraordinary and compelling reasons" due to medical conditions that warrants relief under § 3582(C)(1)(A).  His medical records indicate that Defendant is receiving appropriate medical care for his identified medical conditions, and that he received a Moderna booster shot on November 30, 2021. (Gov't Ex. 1 at 54.)

Currently, there are no active COVID-19 cases involving inmates or staff at Fort Dix FCI.  www.bop.gov/coronavirus/   Historically, there have been two inmate deaths, and 1589 inmates and 129 staff have recovered.  Id.

Finally, a sentence reduction in this case would be contrary to the factors set forth in 18 U.S.C. § 3553(a).  Defendant committed a series of armed

robberies, which likely caused lasting psychological harm to the victims. A

sentence reduction would not reflect the seriousness of the offenses of conviction,

promote respect for the law or provide a just punishment. In addition,

Defendant was sentenced less than two years ago, therefore a sentence reduction

would create unwarranted sentencing disparities among defendants and would

not afford adequate deterrence for the offenses committed.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Renewed Motion for

Compassionate Release and Motion to Appoint Counsel [Doc. Nos. 132 and 133]

are DENIED.

Date: March 24, 2022

s/Michael J. Davis
Michael J. Davis
United States District Court